## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**IVY BEALYER,**

    **Plaintiff,**

v.                                          **Case No.:**

**ARTREPUBLIC, INC., f/k/a**
**ARTREPUBLIC INC.,**

    **Defendant.**

_____/

## **COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Ivy Bealyer ("Plaintiff"), by and through undersigned counsel, herby sues ArtRepublic, Inc. f/k/a ArtRepublic Inc. ("Defendant") and in support of states as follows:

## **NATURE OF ACTION**

1. This is an action for monetary damages, costs, and reasonable attorney's fees to redress Defendant's violations of Plaintiff's rights under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* and breach of employment agreement.

## **JURISDICTION AND VENUE**

2. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. § 1331 and § 1343, as this action involves federal questions regarding the deprivation of Plaintiff's rights under the FLSA.

3.  This Court has supplemental jurisdiction over Plaintiff's claims arising from the breach of employment agreement pursuant to 28 U.S.C. § 1367(a).

4.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein, occurred in this district.

## PARTIES

5.  Plaintiff is a resident of Pinellas County, Florida.

6.  Plaintiff worked for Defendant in Duval County, Florida.

7.  Defendant is a Foreign Profit Corporation.

## GENERAL ALLEGATIONS

8.  Plaintiff has satisfied all conditions precedent, or they have been waived.

9.  Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

10. Plaintiff requests a jury trial for all issues so triable.

11. At all times material hereto, Plaintiff was "engaged in the production of goods" for commerce within the meaning of Sections 6 and 7 of the FLSA, and as such was subject to the individual coverage of the FLSA.

12. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

13. At all times material hereto, Defendant was an "employer" within the meaning of the FLSA.

14. Defendant continues to be an "employer" within the meaning of the FLSA.

15. At all times material hereto, Defendant was and continues to be an enterprise engaged in the "providing of services for commerce" with the meaning of the FLSA.

16. At all times relevant to this action, the annual gross sales volume of Defendant exceeded $500,000.00 per year.

17. At all times material hereto, the work performed by Plaintiff was essential to the business performed by Defendant.

## STATEMENT OF FACTS

18. On or around May 9, 2022, Plaintiff entered into an employment agreement ("Agreement") with Defendant.

19. The Agreement stated that Plaintiff would be paid $55,000.00 annually in exchange for Plaintiff providing services to Defendant as an Assistant Curator.

20. For the month of May 2022, Plaintiff worked 120 hours and was compensated per her Agreement in the amount of $4,500.00.

21. For the month of June 2022, Plaintiff worked 200 hours and received no remuneration.

22. For the month of July 2022, Plaintiff worked 160 hours and received no remuneration

23. For the month of August 2022, Plaintiff worked 160 hours and received no remuneration.

24. Plaintiff submitted her resignation to Defendant on or around September 1, 2022 due to Defendant's failure to make payment to Plaintiff per the Agreement.

25. At all times material hereto, Plaintiff worked hours at the direction of Defendant, and Plaintiff was not paid a minimum wage for all of the hours that she worked.

26. At various times material hereto, Plaintiff worked hours in excess of forty (40) hours within a work week for Defendant, and she was entitled to be compensated for all of her overtime hours at a rate equal to one and one-half times her regular hourly rate.

27. In or around the week of June 18, 2022 through June 23, 2022, Plaintiff worked in excess of forty (40) hours.

28. Defendant failed to pay Plaintiff an overtime premium for all of her overtime hours, in violation of the FLSA.

29. Defendant failed to pay Plaintiff a minimum wage during the months of June, July and August, 2022.

30. Defendant failed to pay Plaintiff for all of her work pursuant to the terms of the Agreement.

31. Defendant's actions were willful, and showed reckless disregard for the provisions of the FLSA.

## **CLAIMS FOR RELIEF**

## **Count I – FLSA Overtime Violation**

32. All allegations prior to Count I are reallaged and incorporated herein.

33. During the statutory period, Plaintiff worked overtime hours while employed by Defendant, and she was not compensated for all of these hours in accordance with the FLSA.

34. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

35. As a result of the foregoing, Plaintiff has suffered damages and is entitled to relief set forth in the Prayer for Relief below.

## **Count II – FLSA Unpaid Wages**

36. All allegations prior to Count I are reallaged and incorporated herein.

37. During the statutory period, Plaintiff worked for Defendant, and Defendant agreed to pay Plaintiff for her services.

38. Defendant failed to compensate Plaintiff for her services during the months of June, July and August, 2022.

39. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

40. As a result of the foregoing, Plaintiff has suffered damages and is entitled to relief set forth in the Prayer for Relief below.

## **COUNT III – Breach of Employment Agreement**

41. All allegations prior to Count I are realleged and incorporated herein.

42. Plaintiff entered into a valid employment agreement with Defendant.

43. Defendant breached the Agreement by failing to pay Plaintiff all wages.

44. Wages are "unpaid wages" as defined by Florida law.

45. Plaintiff is owed $13,500.00, per the Agreement.

46. As a result of the foregoing, Plaintiff has suffered damages and is entitled to relief set forth in the Prayer for Relief below.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests:

(a) That process issue and that this Court take jurisdiction over the case;

(b) Judgement against Defendant for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rate, judgment against the Defendant stating that Defendant's violations of the FLSA were willful, an amount equal to Plaintiff's overtime damages as liquidated damages, prejudgment interest, judgment against Defendant for an amount equal to Plaintiff's unpaid back wages, judgment against the Defendant stating that Defendant's violations of the FLSA were willful, an amount equal to Plaintiff's unpaid wages as liquidated damages, prejudgment interest, judgment against the Defendant for an amount equal to the amount owed per the Agreement, declaratory relief, injunctive relief and prejudgment interest thereon;

(c)   All costs and reasonable attorney's fees, pursuant to, but not limited to, Fla. Stat. § 448.08 and the FLSA in litigating this matter (including expert fees); and

(d)   For such further relief as this Court deems just and equitable.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully submitted this 19th day of April, 2023 by:

/s/ Jason B. Woodside
Jason B. Woodside, Esq.
FL Bar No. 104848
Woodside Law, P.A.
100 South Ashley Drive
Suite 600
Tampa, FL 33602
T: (813) 606-4872
F: (813) 333-9845
Email: Jason@woodsidelawpa.com
*Attorney for Plaintiff*